One of the issues raised by appellant is whether the prosecutor's use of his peremptory challenges violated the rule of *Page 112 Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
Our Supreme Court has recently released an opinion on this subject in Ex parte Branch, 526 So.2d 609 (Ala. 1987) (modified on rehearing, December 4, 1987). The Alabama Supreme Court's decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Batson, supra, and its own ruling in Ex parte Jackson, 516 So.2d 768 (Ala. 1986). InBranch, our Supreme Court laid out guidelines to be followed by the lower courts of this state in the implementation of the mandates of Batson and Jackson. The Supreme Court then remandedBranch to this court with instructions for us to remand the case to the trial court, which we did, Branch v. State,526 So.2d 634 (Ala.Cr.App. 1988), so as to allow the trial court to again review the proceedings conducted before it, applying the guidelines set out in its opinion.
We find that the instant circumstances warrant additional consideration under the Branch guidelines. See, Avery v. State,545 So.2d 123 (Ala.Cr.App. 1988). Further, this court is bound by law to follow the decisions of our Supreme Court. Section12-3-16, Code of Alabama 1975. Accordingly, it is incumbent upon us to remand this case to the Circuit Court of Jefferson County, with directions to review the proceedings conducted before it, using the guidelines adopted by the Supreme Court; the circuit court is directed to file a return with this court within a reasonable time containing the testimony and setting out its written findings and conclusions.
REMANDED WITH DIRECTIONS.
All the Judges concur.